USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/9/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MT. HAWLEY INSURANCE COMPANY,                    25-CV-04921 (MKV)

                                    Plaintiff,    **[PROPOSED] STIPULATION AND
                                                  PROTECTIVE ORDER**


                - against -


TSA CONSTRUCTION, INC.,

                                    Defendant.
-------------------------------------------------------------------X

HON. MARY KAY VYSKOCIL, U.S.D.J.:

        **WHEREAS** this action is for a declaration concerning the rights and obligations of the

parties to this action under a series of commercial general liability insurance and excess liability

policies with respect to the lawsuit styled *BSK Del Partners, LLC v. TSA Construction, Inc*.,

California Superior Court, San Diego County, Case No. 37-2024-00011243-CU-BC-CTL (the

"Underlying Action");

        **WHEREAS** the Underlying Action is ongoing;

        **WHEREAS** documents and information may be exchanged by the parties *in this case*

that may be protected from disclosure to non-parties to this case—primarily because they are

subject to privileges applicable under state law or privacy rights in the ongoing Underlying

Action, including the tripartite attorney-client privilege and work-product doctrine; and other

documents may be exchanged including private and confidential financial or proprietary

information of a party;

        **IT IS HEREBY STIPULATED** by and between counsel for the parties, to responsibly

facilitate the exchange and possible filing of such information in this action, as follows:

        1.      Counsel for any party may designate any document or information, in whole or in

part, as confidential if counsel determines in good faith that such designation is necessary to

1

protect its client's interests in information that is attorney-client privileged or work product as against all non-parties, proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information").  Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

3.      Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the party designating information "CONFIDENTIAL" a written notice stating with particularity the grounds of the objection. Counsel shall make a good-faith effort to resolve the dispute. If the parties cannot reach agreement promptly, counsel for all affected parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

4.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

(a) The requesting party and its responsible employees and counsel, including in-house counsel;

(b) Employees of such counsel assigned to and necessary to assist in the litigation, and vendors and service providers for the purpose of copying, scanning, printing, document retention and exhibit preparation;

(c) Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

(d) Third-party fact witnesses as necessary for the proper examination, cross-examination or securing of testimony via declaration, affidavit, deposition or

trial testimony;

(e) Any private mediator or arbitrator retained by the parties in this case for the purposes of alternative dispute resolution; and

(f) the Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.     Prior to disclosing or displaying the Confidential Information to any person belonging to the groups designated in Paragraph 4(c), 4(d), or 4(e) above, counsel must:

(a) Inform the person of the confidential nature of the information or documents;

(b) Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

(c) Require each such person to sign an agreement to be bound by this Order in the form attached as **Exhibit A.**

6.     The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Protective Order.

7.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall

3

preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product-protected documents or communications, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

9.      The Court retains discretion whether to afford confidential treatment to any material designated as "CONFIDENTIAL" and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any material introduced in evidence at trial, even if such material has previously been sealed or designated as "CONFIDENTIAL".

10.      In filing Confidential Information with this Court—or filing portions of any pleadings, motions, or other papers that disclose such Confidential Information ("Confidential Court Submission")—the parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court

Submission.

11.     Nothing in this Protective Order constitutes admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of Confidential Information.

12.     At the conclusion of litigation, Confidential Information and any copies thereof shall either be: (1) promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned or destroyed; or (2) maintained by the parties without any further distribution to any person or entity pursuant to the terms of this Protective Order if said document or information must be retained due to a Party's legal or regulatory obligations.

13.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

This Stipulation and Protective Oder may be executed in counterparts

Dated: April 8, 2026

**LUCOSKY BROOKMAN, LLP**                    **PROUGH LAW, APC**


By: *Donald Taylor*                          By: *Michael Prough*
Donald E. Taylor, Esq.                       Michael D. Prough, Esq. (*pro hac vice*)
101 S. Wood Avenue                           1550 Parkside Drive, Suite 200
Iselin, New Jersey 08830                     Walnut Creek, CA 94596
dtaylor@lucbro.com                           mdp@proughlaw.com
Telephone: (732) 395-4400                    Telephone: (925) 433-5894

*Attorneys for Defendant*                    *Attorneys for Plaintiff*
*TSA Construction, Inc.*                     *Mt. Hawley Insurance Company*

**EXHIBIT A**

**CERTIFICATION REGARDING CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME],

_____ [POSITION AND EMPLOYER], am

about to receive Confidential Information supplied in connection with the Lawsuit *Mt. Hawley*

*Insurance Company v. TSA Construction, Inc.*, United States District Court, Southern District of

New York, Case No. 25-CV-04921 (MKV). I certify that I understand that the Confidential

Information is provided to me subject to the terms and restrictions of the Stipulation and

Protective Order ("Order") filed in this Lawsuit. I have been given a copy of the Order, I have

read it, and I agree to be bound by its terms.

I understand that the Confidential Information, as defined in the Order, including any

notes or other records that may be made regarding any such materials, shall not be disclosed to

anyone except as expressly permitted by the Order. I will not copy or use, except solely for the

purposes of this Lawsuit, any Confidential Information obtained pursuant to the Order, except as

provided therein or otherwise ordered by the Court in the Lawsuit. I further understand that I am

to retain all copies of all Confidential Information provided to me in the Lawsuit in a secure

manner, and that all copies of such materials are to remain in my personal custody until

termination of my participation in this Lawsuit, whereupon the copies of such materials will be

returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the applicable laws, that the foregoing is true

and correct. Executed this _____ day of _____, 20__, at _____.

DATED: _____                    BY_____
                                               Signature

6

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and

Protective Order.

**IT IS SO ORDERED.**

Dated:    April 9    , 2026

_____
Hon. Mary Kay Vyskocil